QUINN EMANUEL URQUHART & SULLIVAN LLP
Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Brett Arnold (Bar No. 266740)
brettarnold@quinnemanuel.com
Margaret Shyr (Bar No. 300253)
margaretshyr@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:     (650) 801-5000
Facsimile:      (650) 801-5100

Joseph Milowic III (*pro hac vice forthcoming*)
josephmilowic@quinnemanuel.com
51 Madison Ave., 22nd Floor
New York, NY 10010
Telephone:     (212) 849-7000
Facsimile:      (212) 849-7100

Attorneys for Juicero Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Juicero, Inc., a Delaware corporation,<br><br>                Plaintiff,<br><br>        vs.<br><br>iTaste Co., a Chinese limited company;<br>Froothie USA LLC, a Delaware limited<br>liability company; and Xiuxing "Leo" Chen,<br>an individual,<br><br>                Defendants. | CASE NO.  17-cv-1921<br><br>**JUICERO, INC.'S COMPLAINT FOR PATENT INFRINGEMENT, TRADE DRESS INFRINGEMENT, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND UNJUST ENRICHMENT**<br><br>**DEMAND FOR JURY TRIAL** |

        Juicero, Inc. ("Juicero") complains against iTaste Co. ("iTaste"), Froothie USA LLC

("Froothie"), and Xiuxing "Leo" Chen ("Chen") as follows:

**INTRODUCTION**

        1.        Juicero is revolutionizing the home juicing industry.  Founded in 2013 by Doug

Evans, Juicero began with a vision to increase access to instant, healthy, and fresh plant-based

nutrients.  Through its innovative, cutting-edge product, the Juicero Press, Juicero is changing how

people access fresh-squeezed, nutrient-dense juice in there own homes.

2.      From its modest beginnings in Doug Evans' apartment, Juicero now operates its own warehouse and office facilities in San Francisco, California.

3.      Juicero's innovations in cold-press juicing have given rise to various intellectual property rights, including utility patent, trademark, and trade dress protection, with pending design patent applications as well.  The Juicero Press has received substantial media coverage and praise.

4.      Defendants iTaste and Leo Chen have just recently promoted and announced the imminent release of their own cold-press juicer.  But instead of developing their own juicing product, Defendants chose to copy Juicero's innovative technology and recognizable design, seeking to trade on Juicero's commercial recognition and goodwill and to freeride on Juicero's investment in research, development, and marketing.  Froothie has partnered with iTaste and Chen to import and sell the infringing device in the United States.

5.      By this action, Juicero seeks to put an end to Defendants' unlawful conduct and to stop and reverse the harm that Juicero has and will have suffered.

## THE PARTIES

6.      Juicero, Inc. is a Delaware corporation with its principal place of business at 2001 Bryant Street, San Francisco, California.

7.      On information and belief, iTaste Co. is a Chinese limited company, located at Rm. 201, Bldg. #20, Huyi Road No. 1188, Nanxiang Town, Jiading District, Shanghai, China.

8.      On information and belief, Froothie USA LLC, is a Delaware limited liability company, located at 1679 S. Dupont Hwy, Suite 100, Dover, Delaware 19901-5164.

9.      On information and belief, Xiuxing "Leo" Chen is a resident of Shanghai, China and Singapore and works at Rm. 201, Bldg. #20, Huyi Road No. 1188 Nanxiang Town, Jiading District, Shanghai, China.  Chen is the co-founder and CEO of iTaste.  iTaste and Chen do business and hold themselves out to consumers under the name Juisir;  they are referred to collectively in this complaint as "Defendants" and "iTaste".

## JURISDICTION AND VENUE

10.      This Court has subject matter jurisdiction under 15 U.S.C. §§ 1114, 1125, and 28 U.S.C. §§ 1331, 1332, 1338(a), and 1338(b).

11.     This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367, in that the facts underlying the state law claims are so related to the federal patent, trademark, and trade dress claims that they form part of the same case or controversy under Article III of the United States Constitution.

12.     Defendants are subject to personal jurisdiction in this Court because, *inter alia*, and upon information and belief, Defendants directly and through agents regularly solicit and transact business in the Northern District of California and elsewhere in the state of California, including through their own websites (http://www.juisir.com/ and https://www.froothie.com/); KickStarter and Indiegogo (https://www.kickstarter.com/projects/1793272089/juisir-juicing-without-the-cleaning and https://www.indiegogo.com/projects/juisir-zero-cleaning-maximum-juice#/); Facebook (https://www.facebook.com/juisir and https://www.facebook.com/FroothieUSA/); YouTube (e.g., https://www.youtube.com/channel/UC5opz401fI7QqJKf1sTUoxQ and https://www.youtube.com/watch?v=drBWXtZIoC8); Twitter (https://twitter.com/Juisirlife); and Instagram (https://www.instagram.com/juisirlife/ and https://www.instagram.com/froothie/).

13.     In particular, Defendants have committed and continue to commit acts of infringement in violation of 35 U.S.C. § 271, 15 U.S.C. § 1114, and 15 U.S.C. § 1125, and have offered for sale, sold, marketed, used, and/or imported infringing products in the State of California, including in this District.  Defendants' acts cause injury to Juicero, including within this District.

14.     Venue is proper in this District under the provisions of 28 U.S.C. §§ 1391(b)-(c) and 28 U.S.C. § 1400(b), because (i) a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, (ii) Defendants are subject to this Court's personal jurisdiction with respect to this action, and/or (iii) Defendants are not residents of the United States.

## INTRADISTRICT ASSIGNMENT

15.     Because this action is an Intellectual Property Action within the meaning of Civil Local Rule 3-2(c), the action is to be assigned on a district-wide basis.

**FACTS COMMON TO ALL CLAIMS**

**Juicero's Innovation and Industry Recognition**

16.     Juicero is a recognized leader in the home juicing industry.  Through its significant investment in research and development over the past four years, Juicero has developed innovative, cutting-edge technologies that have changed the home juicing landscape.

17.     Doug Evans, the founder and original CEO of Juicero, built the initial Juicero Press prototypes in his kitchen.  After his mother died of cancer and his father of heart disease, Evans set out on a mission to understand healthy nutrition and to devote his life and career to enhancing people's access to organic, plant-based nutrients.  Doug collaborated with Paul Katz and developed a first design and prototype that they began testing in the summer of 2014.  It took until the fall of 2015 to entirely revise the design based on their learnings.  The Juicero Press (also known simply as "the Juicero") is the culmination of that work.  After devoting over three years to the project, and developing twelve prototypes, Evans, along with Paul Katz, invented the technology at the heart of the Juicero.

18.     In 2016, Juicero released its cold-press juicer to the public.  The Juicero features a sleek, minimalist, and iconic design, and under the hood it boasts a revolutionary cold-press that delivers thousands of pounds of force to extract high-nutrient juice from fresh produce provided in the Juicero Produce Pack without generating either heat or a mess, with no cleanup of the juice machine required, all on the kitchen counter.  The design of the Juicero was meant to create a beautiful, optimistic, and playful appearance that was luxurious yet approachable, while the product's interior contained innovative technology that would be game changing for the home juicing industry.

JUICERO, INC.'S COMPLAINT FOR PATENT INFRINGEMENT, TRADE DRESS INFRINGEMENT, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND UNJUST ENRICHMENT

1
2
3
4
5
6
7
8
9
10

 

11      19.    The innovative technology and stunning design of the Juicero were quickly

12  recognized.  It was named a Gold Winner at the 2016 San Francisco Design Awards, which

13  described it as a "beautiful countertop juicer," "the first accessible at-home cold-pressed juicing

14  system," and "a compact, beautiful, and easy-to-use device that requires zero cleanup after use."[1]

15  It received the Editor's Choice Award at the 2016 Hotel Experience trade show, which praised it

16  for creating "the first ever professional-quality, countertop cold-press juicer," able to "press[]

17  plant-based organic Produce Packs that are delivered 100% fresh in minutes, at the touch of a

18  button, eliminating all the typical prep and cleanup."[2]  It earned an honorable mention in the

19  Health category at the 2016 Innovation by Design Awards issued by Fast Company.[3]  And an

20  Innovation Award in 2017 from the National Association of College and University Food Service.

21      20.    Modern juicers look much different than the Juicero.  They have large reservoirs

22  for storing juice, elevated bowls for holding produce, jutting spigots, and lots of knobs, switches,

23  buttons, handles, and parts that have to be removed and washed after each use.

24

25  _____

26  [1]  https://design100.com/SFO16/entry_details.asp?ID=15391.

27  [2]  http://www.thehotelexperience.com/HX2016/Public/ShowPressRelease.aspx?PRID=24.

28  [3]  https://www.fastcodesign.com/product/the-juicero-press-and-packs.

JUICERO, INC.'S COMPLAINT FOR PATENT INFRINGEMENT, TRADE DRESS INFRINGEMENT, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND UNJUST ENRICHMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17



**Omega NC800**                    **Breville 800 JEXL**

**Kuvings NS-950 Silent**          **Nutri-Stahl Juicer Machine**

18    21.    Modern juicers work much differently as well.  Unlike other juicers, the Juicero

19  accepts pouches of fresh produce that are pressed inside the machine to extract nutrient-rich juice.

20  There are no blades, grinders, spigots, or other parts that require disassembly or cleaning after

21  each use.  Due to the unique design of the Juicero Press, which utilizes produce-filled packs,

22  neither the produce or juice ever comes in contact with the device.

23
24
25
26
27
28

JUICERO, INC.'S COMPLAINT FOR PATENT INFRINGEMENT, TRADE DRESS INFRINGEMENT,
TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND UNJUST ENRICHMENT



22.     Juicero and its investors have devoted considerable time and resources in designing and developing the innovative Juicero Press and bringing it to market.

23.     The Juicero has also been advertised and featured extensively throughout the United States, including through Juicero's own social media and advertising, as well as feature stories in national publications such as The New York Times, Vogue, InStyle, Wired, goop, BusinessInsider, TechCrunch, and mbg (mindbodygreen).  The vast majority of the advertisements and articles about the Juicero Press focus on its unique technological solution and its distinctive design, noting for instance that "[o]ther makers of high-end countertop juicers and blenders for home use, like Kuvings, Cuisinart or Vita-Mix Corp., aren't offering these types of devices yet."[4] Goop.com called Juicero the "Coolest Invention of 2016."[5]  Vogue touted it as the "Completely Mess-Proof Juicer That Will Change Your Life."[6]  Wired said it was "an attractive gadget" that was "a clever reinvention of an appliance that hasn't changed much, despite the popularity of what it makes."[7]  And mindbodygreen.com called it the "New Juicer That Makes The Best Green Juice

---

[4]  https://techcrunch.com/2016/03/31/investors-pour-70-million-into-juicero-a-smart-kitchen-appliance-maker/.

[5]  http://goop.com/the-coolest-invention-of-2016-cold-pressed-juice-at-home-with-no-mess/.

[6]  http://www.vogue.com/article/juicero-cold-pressed-juice-home-juicer-no-mess.

[7]  https://www.wired.com/2016/05/juicero-yves-bhar/.

1  We've Ever Had."[8]  As a result of this and other publicity, the Juicero Press has become uniquely

2  associated with Juicero in the minds of consumers.

3                                    **Juicero's Utility Patent**

4           24.        On November 15, 2016, the USPTO issued U.S. Patent No. 9,493,298 titled

5  "Juicing Systems and Methods" (hereinafter the "'298 patent").  The patent names Doug Evans

6  and Paul Katz as inventors, and identifies Juicero as the assignee.  A true and correct copy of the

7  '298 patent is attached hereto as **Exhibit A**.

8           25.        Juicero is the owner of all right, title, and interest in and to the '298 patent with the

9  full and exclusive right to bring suit to enforce the patent, including the right to recover for past

10  infringement.

11                                    **Juicero Trade Dress**

12          26.        Through the extensive and consistent advertising, promotion, and publicity of the

13  Juicero Press, Juicero has obtained and holds trade dress protection in the design and appearance

14  of the device.

15          27.        The following non-functional elements of the design of the Juicero Press comprise

16  some of the product configuration trade dress at issue in this case (the "Juicero Trade Dress"):

17      •   Symmetrical, upright juicer

18      •   Flat front surface on upper portion of device

19
         •   Single button on front surface
20
21      •   Teardrop or "chin" contour on front surface

22      •   Sculpted cavity below front surface

23      •   Smooth, rounded, minimalist sides and back

24      •   Contour of body follows contour of front surface.

25

26  _____

27      [8]  http://www.mindbodygreen.com/0-24424/the-new-juicer-that-makes-the-best-green-juice-
    weve-ever-had.html.
28

28.     These elements of the Juicero Trade Dress are distinctive and serve to identify Juicero as the source of the Juicero Press.  Juicero has made substantial sales in the United States of products with the Juicero Trade Dress.  Juicero has spent substantial money and resources to advertise, market, and promote the Juicero Trade Dress through online and print media in the United States.  The Juicero has also received significant coverage in digital, broadcast, online, and print media around the United States.  As a result of continued and widespread commercial use and success, as well as advertising, publicity, and promotion, the consuming public has come to recognize the shape and design of the Juicero Trade Dress, which is nonfunctional and distinctive, and to associate it with a single source, namely, Juicero.

**Juicero Trademark**

29.     Juicero is also the owner of federal registrations for the trademark JUICERO.

30.     Juicero first applied to register the mark with the USPTO on May 16, 2013.

31.     On August 9, 2016, the USPTO issued registration number 5,018,238 (the "'238 registration") for use of JUICERO with, among other things, "Kitchen appliances, namely, electric juice extractors, grinders, electric food processors, electric dispensers and fillers for dispensing ground produce or juice into bottles or pouches or cartridges."  A true and correct copy of the '238 registration is attached hereto as **Exhibit B**.

32.     On January 17, 2017, the USPTO issued registration number 5,124,576 (the "'576 registration") for use of JUICERO in association with "Retail store services featuring juice, juicing equipment, components for juicing equipment and produce for juicers; and online retail store services featuring juice, juicing equipment, components for juicing equipment and produce for juicers."  A true and correct copy of the '576 registration is attached hereto as **Exhibit C**.

33.     Juicero's use of JUICERO in commerce, including in connection with juicer products and services, has been continuous since at least June 2016.  Juicero has spent substantial time and money advertising and promoting the JUICERO brand in the United States.  Due in part to these efforts, the JUICERO brand has come to be associated with Juicero's products and services and has acquired secondary meaning in the minds of U.S. consumers.

**iTaste's Infringing Product**

34.    iTaste has offered for sale, sold, used, and/or marketed in the United States, and/or imported into the United States, its Juisir cold-press juicing product.  The Juisir, shown below, mimics and infringes Juicero's intellectual property rights.



35.    Instead of developing its own technology and product design, iTaste chose to copy Juicero's innovative product, including both the technological solution and the distinctive form.

36.    Numerous commenters have already recognized iTaste's blatant copying:

- In response to a Forbes article about the Juisir and its debut at CES 2017, one reader told the magazine that "[y]ou should at least mention the Juicero in your story since this machine looks like an almost ***direct clone*** of that product."[9]

- In response to a TechCrunch article about the Juicero, a commenter cited the Juisir Kickstarter page and called it a "Chinese ***knock off*** being launched at the moment."[10]

- An article by The Spoon called the Juisir the "***first clone***" of the Juicero, noting that "[r]ecently at CES, ***a Juicero clone by the name of Juisir*** was on display and, before long, the product showed up on Kickstarter.  (Interesting story about the man behind Juisir, Leo Chen, a Chinese pharmaceutical heir who had a previous hit with his

---

[9]   https://www.forbes.com/sites/bensin/2017/01/16/why-the-heir-to-chinas-pharmaceutical-giant-left-his-job-to-make-a-cold-press-juice-machine/#6fa229df1cba.

[10]   https://techcrunch.com/2017/01/17/juicero/.

JUICERO, INC.'S COMPLAINT FOR PATENT INFRINGEMENT, TRADE DRESS INFRINGEMENT, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND UNJUST ENRICHMENT

Nespresso clone for tea)."[11]

- Even a website advertising the Juisir noted its status as a fast-follower, saying the "*JUISIR follows in the footsteps of the uber-convenient Juicero* in making juicing close to effortless."[12]

- In response to an article on Core77.com about the Juisir, readers called it a "*ripoff*" of the Juicero, which they recognized as the "original".[13]

- And in a Reddit.com post about the Juisir, commenters called it a "*blatant rip off*" of the Juicero and noted how it "*looks and functions similar to Juicero*."[14]

37.     iTaste's original webpage for the Juisir even copied the design of Juicero's webpage, down to the tagline:

- Juicero: "Make organic, cold-pressed juice at home every day, at the push of a button."

- iTaste:  "Cold-pressed juice at home every day at the push of a button."

38.     Defendants had innumerable design options for their product that would not embody the same combination of elements as the '298 patent or the Juicero Trade Dress. Nevertheless, Defendants chose to infringe Juicero's patent, trademark, and trade dress rights through the design, configuration, and promotion of their Juisir product, and did so willfully to trade upon the goodwill that Juicero has developed in connection with the Juicero Press.

## Infringement of Juicero's Utility Patent

39.     The Juisir product infringes the '298 patent and thereby unlawfully provides Defendants with unique functionality for their product that was the result of Juicero's investment and innovation

40.     For example, the Juisir product infringes at least claim 3 of the '298 patent, as it includes:  (1) a region that receives juicer cartridges (called "juice packs," "J-Packs," or "juicing bags"), with the cartridges having both an outlet and food matter inside; (2) a pressing element

---

[11]   http://thespoon.tech/juicero-drops-price-300-as-first-clone-comes-to-market/

[12]   https://www.gearhungry.com/juisir-cold-press-juicer/

[13]   http://www.core77.com/projects/59758/JUISIR%E2%80%94Juicing-Without-the-Mess

[14]   https://www.reddit.com/r/gadgets/comments/5pvcj9/juisir_gets_you_juicing_without_the_cleaning_in/

Case No.  17-cv-1921

JUICERO, INC.'S COMPLAINT FOR PATENT INFRINGEMENT, TRADE DRESS INFRINGEMENT, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND UNJUST ENRICHMENT

that applies pressure to the juicer cartridge to extract fluid from it without the fluid or food matter touching the machine; and (3) a dispensing point below the pressing region that allows the cartridge to extend beyond the pressing region and dispense the fluid.

41.    iTaste has advertised the infringing Juisir product and has made it available for pre-order through Kickstarter (https://www.kickstarter.com/projects/1793272089/juisir-juicing-without-the-cleaning) and Indiegogo (https://www.indiegogo.com/projects/juisir-zero-cleaning-maximum-juice#/), including within this District.  Generally speaking, these are websites that allow companies to sell pre-orders of their product to raise money.  Consumers who purchase the device in advance through these websites are the first to receive it when it ships.  Below is a screenshot from the Juisir page on Kickstarter, accessible in this District:



JUICERO, INC.'S COMPLAINT FOR PATENT INFRINGEMENT, TRADE DRESS INFRINGEMENT, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND UNJUST ENRICHMENT

42.   According to the Kickstarter page, iTaste ran its pre-order funding campaign from January 16 to February 15, 2017 and raised $579,348 from 915 backers.  The Juisir project is listed as being based in San Francisco.[15]  Over half the backers are from the United States, and both San Francisco and San Jose are listed in the top ten cities worldwide to have Kickstarter backers for the Juisir.[16]  For between $399 and $499, the Juisir backers were able to order a Juisir machine along with accessories, such as juicing bags.  As one example, the following offer was accepted 197 times on the Kickstarter website:

_____

[15]   https://www.kickstarter.com/projects/1793272089/juisir-juicing-without-the-cleaning/description.

[16]   https://www.kickstarter.com/projects/1793272089/juisir-juicing-without-the-cleaning/community.

JUICERO, INC.'S COMPLAINT FOR PATENT INFRINGEMENT, TRADE DRESS INFRINGEMENT, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND UNJUST ENRICHMENT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### Pledge S$ 713 or more

**Kickstarter special pack**

Get a JUISIR machine, save 400 USD off
(RRP 799 USD)!
713 SGD = 499 USD
Receive 60 single-use juicing bags and one
pack of multiple-use bags (including one
silicone outer bag and 60 cotton filters) for
free, saving an extra 78 USD.
Don't worry about the expensive international
shipping costs, we have you covered. JUISIR
will cover shipping costs as an extra
thankyou!
You will be one of the first to receive the
amazing JUISIR and lead our juicer
revolution.
Pledge 29 USD (RRP 39 USD) more for
either 60 single-use juicing bags or one set
of multiple-use bags (includes 1 silicone
outer bag with 60 cotton filters) .
41 SGD = 29 USD

ESTIMATED DELIVERY          SHIPS TO
Jul 2017                    Anywhere in the world

Limited
197 backers

    43.    iTaste's campaign on Indiegogo is similar, and appears to still be running, having

raised an additional $507,449 for iTaste as of February 14, 2017.  As with Kickstarter, the Juisir

page on Indiegogo can be accessed and the Juisir ordered from anywhere.  On information and

belief, consumers have pre-ordered Juisirs through Indiegogo from within this District.  Below is

the Juisir page on Indiegogo:

Case No.  17-cv-1921
JUICERO, INC.'S COMPLAINT FOR PATENT INFRINGEMENT, TRADE DRESS INFRINGEMENT,
TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND UNJUST ENRICHMENT



44.     And a sample sales offer on Indiegogo is below:



45.     On both the Kickstarter and Indiegogo sites, the offer is for delivery anywhere in the world, including the United States.

46.     iTaste has neither sought nor obtained authorization from Juicero to incorporate Juicero's patented technology into the Juisir product (or any other product), or to make, use, sell, or offer to sell the infringing Juisir in the United States (including as described above).

47.     iTaste similarly does not have authorization from Juicero to import the infringing Juisir into the United States.  The Juisir is manufactured in China.  Thus, before any domestic pre-orders can be fulfilled, the product must first be imported into the United States.

48.     Nevertheless, iTaste has already imported the actual Juisir product, used it, and offered to sell it within the United States.  On both its Kickstarter and Indiegogo pages, iTaste admits that it "brought JUISIR to attend CES 2017 in Las Vegas and successfully released JUISIR to the public."  CES, the Consumer Electronics Show, is an annual trade show held in Las Vegas, Nevada attended by thousands of consumers from around the world.  It was reported that over 175,000 people from countries around the globe attended CES 2017,[17] providing iTaste with an incredibly large audience in this country for its knock-off product.

49.     iTaste's Kickstarter and Indiegogo pages indicate that the Juisir will begin shipping to purchasers worldwide by April 2017.

50.     Froothie has also partnered with iTaste to import, offer for sale, and sell the Juisir in the United States, including this District.  Froothie's website, www.froothie.com, advertises the Juisir press as the "[i]nnovative cold press juicer that never needs any cleaning.  Ever."  Froothie currently offers the Juisir for $495 and says that units are "selling out fast."



---

[17]  http://www.ces.tech/News/Press-Releases/CES-Press-Release.aspx?NodeID=81a5ac51-9557-415f-8801-fe11af699a7a.

1
2
3
4
5
6
7
8
9



~~RRP: $1,050.00~~

**LIMITED PRE-ORDER SPECIAL**

**$495.00**

10
11
12

13    51.    Froothie's website also indicates that while it is Australian owned, the company is
14  "USA operated" and distributes appliances throughout the United States.  Froothie USA's
15  Facebook page also advertises the Juisir and links to the Froothie webpage where it can be
16  purchased.

17
18
19
20
21
22
23
24
25
26
27
28

JUICERO, INC.'S COMPLAINT FOR PATENT INFRINGEMENT, TRADE DRESS INFRINGEMENT,
TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND UNJUST ENRICHMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



52.    Froothie also operates an Instagram account and a YouTube channel, both of which advertise the Juisir.

### Infringement of Juicero's Trade Dress

53.    The Juisir product embodies a combination of several elements of the Juicero Trade Dress identified above.

54.    The Juisir product has caused and is likely to continue to cause confusion, mistake, and deception as to the source or origin of the Juisir and is likely to falsely suggest a sponsorship, connection, or association between Defendants, their products, and/or their commercial activities with Juicero.  For example, the public is likely to mistakenly believe that Juicero makes the Juisir product, that Juicero has authorized Defendants to use its distinctive design, or that there is some kind of relationship between Juicero and Defendants.

55.     One of Juicero's most significant distinctions in the marketplace is the design of its juicer, which stands out from all other juicers on the market.  Juicero's goodwill among consumers is uniquely tied to its product design.  iTaste's copying of Juicero's intellectual property rights not only allows Defendants to trade on the benefits of Juicero's investment, it threatens to substantially diminish the goodwill that Juicero has developed with consumers.  Defendants have marketed the Juisir as a way to trade on Juicero's goodwill in its product design while supplanting Juicero within its customer base.

**Infringement of Juicero's Trademark**

56.      Defendants have never been authorized to use the JUICERO mark or any mark that is confusingly similar.  Defendants have nevertheless used the name "Juisir" for their own directly competitive products and services, even though it is confusingly similar to the JUICERO mark, and such use was and is intended to confuse and deceive consumers.

57.     Consumers have already been confused about the affiliation of Juicero with Defendants' products and services and the affiliation of Defendants with Juicero's products and services.  Consumers have also already been confused as to the source of the parties' products and services as a result of Defendants' use of the word "Juisir".

58.     Defendants' infringement of Juicero's utility patent, trade dress, and trademark have damaged and irreparably injured Juicero, and, unless they are preliminarily and permanently enjoined, Defendants will further damage and irreparably injure Juicero and the goodwill it has built.

59.     Defendants' infringement of Juicero's trade dress and trademark has also irreparably injured the public, and, unless preliminarily and permanently enjoined, will further irreparably injure the public, which has an interest in being free from deception, confusion and/or mistake in the marketplace.

**FIRST CLAIM FOR RELIEF**

**(Infringement of United States Patent No. 9,493,298)**

60.     Juicero incorporates and realleges paragraphs 1 through 59 of this Complaint.

JUICERO, INC.'S COMPLAINT FOR PATENT INFRINGEMENT, TRADE DRESS INFRINGEMENT, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND UNJUST ENRICHMENT

61.     Defendants have infringed and continue to infringe one or more claims of the '298 patent by using, selling, and/or offering to sell in the United States, and/or importing into the United States, the Juisir product in violation of 35 U.S.C. § 271.

62.     Juicero is informed and believes, and on that basis alleges, that Defendants' infringement of the '298 patent has been and continues to be intentional, willful, and without regard to Juicero's rights.

63.     Juicero is informed and believes, and on that basis alleges, that Defendants have gained profits by virtue of their infringement of the '298 patent.

64.     Juicero has sustained damages as a direct and proximate result of Defendants' infringement of the '298 Patent.

65.     Juicero will suffer and is suffering irreparable harm from Defendants' infringement of the '298 patent.  Juicero has no adequate remedy at law and is entitled to an injunction against Defendants' continuing infringement of the '298 patent.  Unless enjoined, Defendants will continue their infringing conduct.

## SECOND CLAIM FOR RELIEF

### (Federal Trade Dress Infringement and Unfair Competition)

66.     Juicero incorporates and realleges paragraphs 1 through 65 of this Complaint.

67.     Juicero is the owner of all right and title to the distinctive Juicero Trade Dress.  The Juicero Trade Dress, as embodied in the Juicero Press, has acquired secondary meaning, and is not functional.

68.     In addition, based on extensive and consistent advertising, promotion, and sales throughout the United States, the Juicero Trade Dress has acquired distinctiveness and enjoys secondary meaning among consumers who identify Juicero as the source of the product.

69.     Juicero's extensive advertising, promotion, and sales of products with the distinctive Juicero Trade Dress have resulted in Juicero's acquisition of valuable, legally protected rights in the Juicero Trade Dress, as well as considerable consumer goodwill.

70.     The Juisir has misappropriated the Juicero Trade Dress by copying a combination of several elements of that trade dress.

71.     Defendants' manufacture, promotion, and distribution of the Juisir product with a product design that copies a combination of several elements of the Juicero Trade Dress is likely to cause confusion or mistake, or to deceive consumers as to the affiliation, connection or association of Defendants with Juicero, or to the origin, sponsorship, or approval by Juicero of Defendants' goods and services.

72.     Defendants' manufacture, promotion, and distribution of the Juisir with a product design that copies a combination of several elements of the Juicero Trade Dress enables Defendants to benefit unfairly from Juicero's reputation and success.

73.     Defendants' actions constitute false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a).

74.     Defendants knew of the Juicero Trade Dress when they designed and/or began to advertise and sell the Juisir product.  Accordingly, Defendants' infringement has been and continues to be intentional and willful.

75.     Juicero has been and will continue to be irreparably harmed and damaged by Defendants' conduct, and Juicero lacks an adequate remedy at law to compensate for this harm and damage.

76.     Juicero is informed and believes, and on that basis alleges, that iTaste has further obtained investment by virtue of its infringement of the Juicero Trade Dress.

77.     Juicero also has sustained damages as a direct and proximate result of Defendants' infringement of the Juicero Trade Dress in an amount to be proven at trial, including Defendants' profits and/or gains of any kind resulting from its acts of infringement.

78.     Because Defendants' actions have been willful, Juicero is entitled to enhanced and exemplary damages, including treble its actual damages, to an award of costs, and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

**THIRD CLAIM FOR RELIEF**

**(Common Law Trade Dress Infringement)**

79.     Juicero incorporates and realleges paragraphs 1 through 78 of this Complaint.

80.     Juicero is the owner of all right and title to the distinctive Juicero Trade Dress.  The Juicero Trade Dress, as embodied in the Juicero Press cold press juicer, has acquired secondary meaning, and is not functional.

81.     In addition, based on extensive and consistent advertising, promotion, and sales throughout the United States, the Juicero Trade Dress has acquired distinctiveness and enjoys secondary meaning among consumers who identify Juicero as the source of the product.

82.     Juicero's extensive advertising, promotion, and sales of products with the distinctive Juicero Trade Dress have resulted in Juicero's acquisition of valuable, legally protected rights in the Juicero Trade Dress, as well as considerable consumer goodwill.

83.     The Juisir has misappropriated the Juicero Trade Dress by copying a combination of several elements of that trade dress.

84.     Defendants' manufacture, promotion, and distribution of the Juisir product with a product design that copies a combination of several elements of the Juicero Trade Dress is likely to cause confusion or mistake, or to deceive consumers as to the affiliation, connection or association of Defendants with Juicero, or to the origin, sponsorship, or approval by Juicero of Defendants' goods and services.

85.     Defendants' manufacture, promotion, and distribution of the Juisir with a product design that copies a combination of several elements of the Juicero Trade Dress enables Defendants to benefit unfairly from Juicero's reputation and success.

86.     Defendants knew of the Juicero Trade Dress when they designed and/or began to advertise and sell the Juisir product.  Accordingly, Defendants' infringement has been and continues to be intentional and willful.

87.     Juicero has been and will continue to be irreparably harmed and damaged by Defendants' conduct, and Juicero lacks an adequate remedy at law to compensate for this harm and damage.

88.     Juicero is informed and believes, and on that basis alleges, that iTaste has further obtained investment by virtue of its infringement of the Juicero Trade Dress.

89.     Juicero also has sustained damages as a direct and proximate result of Defendants' infringement of the Juicero Trade Dress in an amount to be proven at trial, including Defendants' profits and/or gains of any kind resulting from its acts of infringement.

90.     Because Defendants' actions have been willful, Juicero is entitled to exemplary and punitive damages, an award of costs, and reasonable attorneys' fees.

### FOURTH CLAIM FOR RELIEF

### (Federal Trademark Infringement)

91.     Juicero incorporates and realleges paragraphs 1 through 90 of this Complaint.

92.     Juicero is the rightful owner of the JUICERO mark and registrations and has the exclusive right to use the mark in commerce in the United States.

93.     Defendants have used the "Juisir" name without permission or authorization.

94.     Defendants' unauthorized use of "Juisir" constituted and continues to constitute trademark infringement, and was and is likely to cause: (a) confusion, deception and mistake among the consuming public and trade; and (b) irreparable injury to Juicero, including injury to its reputation and to the distinctive high quality of its trademark.

95.     Defendants' wrongful conduct has caused, and unless enjoined will continue to cause, irreparable injury to Juicero for which Juicero has no adequate remedy at law.  Juicero is therefore entitled to an injunction restraining and enjoining Defendants, their agents, servants, and employees and all persons acting thereunder, in concert with, or on their behalf, from using, licensing, or selling the mark.

96.     Defendants' activities constitute willful, deliberate and intentional infringement of an inherently distinctive trademark used in commerce, in violation of the Lanham Act, 15 U.S.C. § 1114.

97.     Because Defendants' wrongful activities constituted and continue to constitute trademark infringement, and because Defendants' conduct was wonton, deliberate, malicious, and willful, Juicero is also  entitled to remedies set forth in 15 U.S.C. §§ 1117(a) and 1118.

1  Specifically, Juicero is entitled to recover all profits earned by the Defendants, trebled; all

2  damages Juicero has sustained, trebled; as well as attorney's fees, costs, and all other available

3  remedies.

### FIFTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement)

6       98.     Juicero incorporates and realleges paragraphs 1 through 97 of this Complaint.

7       99.     Juicero is the rightful owner of the JUICERO mark and registrations and has the

8  exclusive right to use the mark in commerce in the United States.

9       100.    Defendants have used the "Juisir" name without permission or authorization.

10       101.    Defendants' unauthorized use of "Juisir" constituted and continues to constitute

11  trademark infringement, and was and is likely to cause: (a) confusion, deception and mistake

12  among the consuming public and trade; and (b) irreparable injury to Juicero, including injury to its

13  reputation and to the distinctive and high quality of its trademark.

14       102.    Additionally, Defendants' actions were and are in bad faith, in conscious disregard

15  of Juicero's rights, and performed with the intention of depriving Juicero of its intellectual

16  property rights.  Defendants had knowledge that their conduct was infringing or, at minimum,

17  recklessly disregarded the possibility.  Accordingly Defendants' conduct merits, and Juicero

18  seeks, an award of punitive and exemplary damages in an amount sufficient to punish Defendants

19  and deter such conduct in the future.

20       103.    Defendants' wrongful conduct has caused, and unless enjoined will continue to

21  cause, irreparable injury to Juicero for which Juicero has no adequate remedy at law.  Juicero is

22  therefore entitled to an injunction restraining and enjoining Defendants, their agents, servants, and

23  employees and all persons acting thereunder, in concert with, or on their behalf, from using,

24  licensing, or selling the mark.

### SIXTH CLAIM FOR RELIEF

### (Unfair Competition - California Business and Professions Code § 17200, *et seq.*)

27       104.    Juicero incorporates and realleges paragraphs 1 through 103 of this Complaint.

28

1    105.    Juicero has valid and protectable rights in the Juicero Trade Dress and JUICERO

2  trademark.  Juicero's trade dress and trademark do not serve any function other than to identify

3  Juicero as the source of its products.  The trade dress and trademark are distinctive, and, through

4  Juicero's use, have come to be associated solely with Juicero as the source of the products on

5  which they are used.

6    106.    Defendants' use and sale of an infringing trade dress and trademark are likely to

7  cause confusion as to the source of Defendants' products, and is likely to cause others to be

8  confused or mistaken into believing that (1) Juicero has authorized Defendants to use its juicer

9  design, (2) there is a relationship between Defendants and Juicero, or (3) that Defendants'

10  products are affiliated with or sponsored by Juicero.

11    107.    The above-described acts and practices by Defendants constitute unfair competition

12  in violation of California Business & Professions Code §§ 17200, *et seq.*

13    108.    Defendants acted willfully and intentionally in designing and/or advertising and

14  selling the infringing trade dress and trademark, with full knowledge of Juicero's prior rights in

15  the distinctive Juicero Trade Dress and JUICERO trademark, and with an intent to cause

16  confusion or mistake or to deceive customers into believing that there is an affiliation between

17  Defendants and Juicero or between Defendants' products and Juicero's products.

18    109.    The unlawful, unfair, and fraudulent business practices of Defendants described

19  above present a continuing threat to the public in that Defendants continue to promote their

20  product by wrongfully trading on the goodwill of Juicero.

21    110.    As a direct and proximate result of these acts, Defendants have received, and will

22  continue to profit from, the strength of Juicero's trade dress and trademark.

23    111.    As a direct and proximate result of Defendants' wrongful conduct, Juicero has been

24  injured in fact, and such harm will continue unless Defendants' acts are enjoined by the Court.

25  Juicero has no adequate remedy at law for Defendants' continuing violation of Juicero's rights.

26    112.    Defendants should be required to restore to Juicero any and all money acquired by

27  Defendants by means of unfair competition, or provide Juicero with any other restitutionary relief

28  that the Court deems appropriate.

113.    Juicero also seeks an award of punitive and exemplary damages in an amount sufficient to punish Defendants and deter such conduct in the future.

**SEVENTH CLAIM FOR RELIEF**

**(Unjust Enrichment)**

114.    Juicero incorporates and realleges paragraphs 1 through 113 of this Complaint.

115.    As a result of the conduct alleged herein, Defendants have been unjustly enriched to Juicero's detriment.  Juicero seeks an accounting and disgorgement of all ill-gotten gains and profits resulting from Defendants' inequitable activities.

**PRAYER FOR RELIEF**

WHEREFORE, Juicero prays for the following relief:

1.    A judgment that Defendants have infringed one of more claims of the '298 patent;

2.    An order and judgment preliminarily and permanently enjoining Defendants and their officers, agents, affiliates, employees, and attorneys, and all those persons acting or attempting to act in concert or participation with them, from further acts of infringement of the '298 patent;

3.    A judgment awarding Juicero all damages adequate to compensate Juicero for Defendants' infringement of the '298 patent, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

4.    A judgment awarding Juicero its reasonable attorneys' fees as provided for in 35 U.S.C. § 285 to the extent the Court finds this case exceptional;

5.    An order preliminarily and permanently enjoining Defendants and their officers, agents, affiliates, employees, and attorneys, and all those persons acting or attempting to act in concert or participation with them, from: directly or indirectly infringing the Juicero Trade Dress and JUICERO trademark, or using any other product design or word mark similar to or likely to cause confusion with the Juicero Trade Dress and JUICERO trademark; using any false designation of origin or false description, including the appearance of its product, that can, or is likely to, lead the consuming public, or individual members thereof, to believe that any goods produced, advertised, promoted, marketed, provided, or sold by Defendants are in any manner

JUICERO, INC.'S COMPLAINT FOR PATENT INFRINGEMENT, TRADE DRESS INFRINGEMENT, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND UNJUST ENRICHMENT

associated or connected with Juicero, or are advertised, promoted, marketed, sold, licensed, sponsored, approved or authorized by Juicero; committing any other unfair business practices directed toward obtaining for themselves the business and customers of Juicero; and committing any other unfair business practices directed toward devaluing or diminishing Juicero's brand or business;

6.      Actual damages suffered by Juicero as a result of Defendants' unlawful conduct, in an amount to be proven at trial, as well as prejudgment interest as authorized by law;

7.      Reasonable funds for future corrective advertising;

8.      An accounting of Defendants' profits as provided for in 15 U.S.C. § 1117;

9.      A judgment trebling any damages award as provided for in 15 U.S.C. § 1117;

10.     A judgment awarding Juicero its reasonable attorneys' fees as provided for in 15 U.S.C. § 1117 and any applicable state law;

11.     An order pursuant to 15 U.S.C. § 1118 requiring that all materials bearing the infringing trade dress and trademark be delivered up and destroyed, and requiring Defendants to withdraw from the market all infringing products and any infringing advertising and promotional materials;

12.     An order directing Defendants to file with the Court and serve upon Juicero's counsel within thirty (30) days after entry of the order of injunction, a report setting forth the manner and form in which Defendants have complied with the injunction, including the provision relating to destruction and recall of infringing products and materials;

13.     Punitive damages pursuant to California Civil Code § 3294;

14.     Restitutionary relief against Defendants and in favor of Juicero, including disgorgement of wrongfully obtained profits and any other appropriate relief;

15.     Costs of suit and reasonable attorneys' fees; and

JUICERO, INC.'S COMPLAINT FOR PATENT INFRINGEMENT, TRADE DRESS INFRINGEMENT,
TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND UNJUST ENRICHMENT

16.     Such other and further relief to which Juicero may show itself to be entitled, including all remedies provided for in 15 U.S.C. § 1117, Cal. Bus. & Prof. Code § 17200, *et seq.,* the Patent Act, and under any other applicable law.

DATED:  April 6, 2017                                    QUINN EMANUEL URQUHART &
                                                                      SULLIVAN, LLP


                                                                      By  */s/ Kevin P. B. Johnson*
                                                                            Kevin P. B. Johnson
                                                                            Attorney for Juicero Inc.

1

### JURY DEMAND

2        Pursuant to Federal Rule of Civil Procedure 38(b), Juicero Inc. hereby demands trial by

3   jury of all triable issues.

4

5   DATED:   April 6, 2017                    QUINN EMANUEL URQUHART &
                                              SULLIVAN, LLP
6

7                                             By /s/ Kevin P. B. Johnson

8                                                Kevin P. B. Johnson
                                                 Attorney for Juicero Inc.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JUICERO, INC.'S COMPLAINT FOR PATENT INFRINGEMENT, TRADE DRESS INFRINGEMENT,
TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND UNJUST ENRICHMENT