**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JUICERO, INC., <br><br> Plaintiff, <br><br> v. <br><br> ITASTE CO., et al., <br><br> Defendants. | Case No. 17-cv-01921-BLF <br><br> **ORDER GRANTING MOTION FOR APPROVAL OF COURT-ORDERED SERVICE** |

Plaintiff Juicero Inc. ("Juicero") brings this action against Defendants for allegedly copying its patented juicing method and system, as well as its trademark and trade dress. *See e.g.*, Compl. ¶¶ 3-4, 61, ECF 1. Juicero has served one but not the remaining two China-based defendants. Before the Court is Juicero's motion to serve the China-based defendants, iTaste Co., Ltd. ("iTaste") and Xiuxing "Leo" Chen ("Chen") (collectively, "Defendants") via alternative means at email addresses, U.S.-based counsel, and Facebook. Mot., ECF 34. The time for opposition has lapsed and no opposition has been filed. Pursuant to Civ. L.R. 7-1(b), the Court finds this motion suitable for submission without oral argument and hereby VACATES the hearing scheduled for October 12, 2017. For reasons stated below, the Court GRANTS Juicero's motion.

**I.  BACKGROUND**

According to Juicero's amended complaint, and the exhibits and the declaration attached to Juicero's motion, Defendants advertise and sell a product called "Juisir" that mimics Juicero's patented design. Mot. 2. In promoting Juisir, Defendants are active on websites, Facebook, YouTube, Twitter, and Instagram. *Id.* at 3. For example, Defendants update their Facebook and Twitter pages everyday with new posts, Exs. 4, 6 to Milowic Decl., and post new YouTube

videos about every week. Ex. 5 to Milowic Decl. It has also been observed that Defendants respond to comments on a daily basis under the name Juisir on their YouTube channel and respond to customers' comments posted on their website, Jusir.com. Exs. 8-9 to Milowic Decl. The website also provides an email address for customer questions (contact@juisir.com). Ex. 1 to Milowic Decl.

On January 11, 2017, counsel for Juicero sent a letter to iTaste's trademark counsel at their email address and physical mailing address, addresses provided by Defendants to the U.S. Trademark Office in their trademark application for "Juisir." Exs. 10, 13 to Milowic Decl. The letter informed Defendants of their alleged infringement of Juicero's property rights. Mot. 3-4. On January 25, 2017, Mr. Richard Lehv of the law firm Fross, Zelnick, Lehrman & Zissu, P.C. ("Fross Zelnick") responded to Juicero's letter. Ex. 11 to Milowic Decl. The response stated that Fross Zelnick represents iTaste and that iTaste contests the allegations stated in Juicero's letter. *Id.* The response further stated that while iTaste's website had been revised, iTaste refused to take further steps demanded in Juicero's letter. *Id.*

After Juicero filed the instant action, Juicero asked iTaste's attorney whether he would accept service on behalf iTaste and Chen, to which he responded that he was "not authorized to accept service" and that Fross Zelnick does not represent any defendants in connection with the instant suit. Ex. 12 to Milowic Decl. Juicero also mailed the amended pleadings via FedEx to iTaste's address in China and received confirmation that they were delivered on May 2, 2017. Milowic Decl. ¶ 18. Juicero represents that it has been working with an international process server to effect service under the Hague Convention but understands that the process could take over a year. *Id.* ¶ 19; Ex. 15 to Milowic Decl.

**II.   LEGAL STANDARD**

Federal Rule of Civil Procedure 4(f) provides the applicable authority for serving an individual in a foreign country:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague

2

> Convention on the Service Abroad of Judicial and Extrajudicial Documents;
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
> > (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
> > (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
> > (C) unless prohibited by the foreign country's law, by:
> > > (i) delivering a copy of the summons and of the complaint to the individual personally; or
> > > (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. Proc 4(f); s*ee also* Fed. R. Civ. Proc 4(h)(2) (referring to Rule 4(f) for serving a corporation not within any judicial district of the United States).

Under Rule 4(f)(3), courts can order service through a variety of methods, "including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email," provided that there is no international agreement directly to the contrary. *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). Multiple forms of alternative service at once are also permissible. *Id.* at 1017. Finally, to comport with due process, "the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* at 1016-17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

Because FRCP 4(f)(3) allows for an alternate means of service as long as it is directed by a court and not prohibited by international agreement, it is not necessary for plaintiffs to first attempt service through other means before turning to "any other means not prohibited by international agreement." *In re LDK Solar Sec. Litig.*, No. 07-05182-WHA, 2008 WL 2415186, at *2 (N.D. Cal. June 12, 2008) (citing *Rio*, 284 F.3d at 1014).

### III. DISCUSSION

The Court finds that Juicero's proposed means of service are not prohibited by international agreement even taking into account China's objections to certain articles of the

3

Hague Convention – Article 8, service through "diplomatic or consular agents," and Article 10, "postal channels" or foreign "judicial officers." Ex. 14 to Milowic Decl. at 2-3 (text of Articles 8 and 10); Ex. 15 to Milowic Decl. at 2-3 (China's objections). First, service on Defendants' U.S-based attorney is permissible because the Hague Convention does not bar this type of service. In *Carrico v. Samsung Elecs. Co., Ltd.*, the court found that the Hague Convention does not prohibit service on the defendant's attorney, even though the country there, South Korea, had objected to service under Articles 8 and 10 like China. No. 15-cv-02087-DMR, 2016 WL 2654392, at *4 (N.D. Cal. May 10, 2016) (noting that "[n]othing in the Hague Convention bars Plaintiffs' requested service on [the defendant] through her attorney."). *See, e.g.*, *Richmond Techs., Inc. v. Aumtech Bus. Solutions*, No. 11-cv-02460-LHK, 2011 WL 2607158, at *12 (N.D. Cal. July 1, 2011) (holding that "[s]ervice upon a foreign defendant's United States-based counsel is a common form of service ordered under Rule 4(f)(3). … Nothing in the Hague Convention prohibits such service.").

Service through Defendants' Facebook account is also permissible. In *Shinde v. Nithyananda Found.*, the court ruled that service through a Facebook account was permissible on a defendant located in India, a signatory to the Hague Convention. No. 13-00363, 2014 WL 12597121, at *7 (C.D. Cal. Aug. 25, 2014). The court reasoned that because "[s]ervice by Facebook is … outside the scope of Article 10," and "India has not objected to service by Facebook, and the [c]ourt knows of no international treaty prohibiting such means." *Id.*; *see F.T.C. v. PCCare247 Inc.*, No. 12-7189, 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013). Service through a Facebook account is not among the means listed in Article 10, and the Court is unaware of any international agreement by which China has objected to service of process through Facebook. It is therefore a permissible alternative under Rule 4(f)(3).

Lastly, as to email service, some courts have construed an objection to Article 10 ("postal channels") as a prohibition against email service. *E.g.*, *Agha v. Jacobs*, No. 07-1800-RS, 2008 WL 2051061, at *1 (N.D. Cal. May 13, 2008) (forbidding service by email or facsimile for defendants located in Germany, who has objected to Article 10 of the Hague Convention). Others have found that even for countries that have objected to service through postal channels under

4

1    Article 10 of the Hague Convention, email service was still permissible. *E.g.*, *Williams-Sonoma*
2    *Inc. v. Friendfinder Inc.*, No. 06-06572-JSW, 2007 WL 1140639, at *2 (N.D. Cal. Apr. 17, 2007)
3    (distinguishing email from postal mail and concluding that service by email to parties in the Czech
4    Republic, Norway, Switzerland, and Ukraine was permissible); *Facebook, Inc. v. Banana Ads,*
5    *LLC*, No. 11-3619-YGR, 2012 WL 1038752, at *2 n.5 (N.D. Cal. Mar. 27, 2012) (finding that
6    email service to Hong Kong, "a special administrative region of the People's Republic of China,"
7    was acceptable). The Court need not resolve at this time whether email service to defendants
8    located in China is categorically allowed by international agreement and permissible under Rule
9    4(f)(3). However, the Court finds it to be at least a permissible means in this case when combined
10   with the two other means discussed above.

11   The Court additionally finds that in these circumstances, Juicero's proposed combination
12   of means for service comports with due process. First, service on a defendant's legal counsel is
13   commonly found to comply with due process. The China-based Defendants have already been in
14   contact with Juicero through their U.S.-based legal counsel regarding this dispute. Exs. 10-13 to
15   Milowic Decl. Such service would therefore be "reasonably calculated" in these circumstances to
16   apprise Defendants of the pendency of the present action. *See Rio*, 284 F.3d at 1017 (authorizing
17   service on defendant's counsel where it was "clear that [the attorney] was in contact with [the
18   foreign defendant]"); *see also Richmond Techs.*, 2011 WL 2607158, at *13 (noting that service on
19   a foreign defendant via a counsel located in Los Angeles accords with due process).

20   In regard to service via Defendants' Facebook account and email addresses, such means
21   can also meet the requirement of due process, especially when "such communication has been
22   zealously embraced within the business community" and by Defendants themselves. *See Rio*, 284
23   F.3d at 1017-18 (permitting email service because the defendant "particularly has embraced the
24   modern e-business model and profited immensely from it," structuring "its business such that it
25   could be contacted *only* via its email address"). The Ninth Circuit further underscored that when
26   email was the "method of service aimed directly and instantly" at the defendant, email would be
27   reasonably calculated to apprise the defendant of the pendency of the lawsuit. *Id.* at 1018. Here,
28   Defendants are taking full advantage of their Facebook account, the website, and their email

addresses in advertising their products and communicating with their customers. The attached exhibits also show that they update their social medial pages and respond to website comments on a weekly or a daily basis. One of the email addresses was also supplied to the U.S. Patent and Trademark Office as part of Defendants' contact information. As such, the Court finds that Defendants would be reasonably calculated to receive notice of the lawsuit through their Facebook and email addresses, especially in combination with service on their U.S.-based counsel. *Cf. PCCare247*, 2013 WL 841037, at *5 (noting that if service by mean of Facebook were to be the only means of service, "a substantial question would arise whether that service comports with due process"); *see also Shinde*, 2014 WL 12597121, at *7 (noting that "Courts have found that email service and service through Facebook comport with due process").

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Juicero may effect service on Defendants using the following three means in combination:

1. Sending the amended complaint and other required materials to Defendants' attorney, Mr. Richard Lehv, at Fross Zelnick, both by email and FedEx at rlehv@fzlz.com and 4 Times Square, 17th Floor, New York, NY 10036;

2. Sending the same materials to Defendants' email addresses: contact@juisir.com, leo@drinks.net.cn, and lixueyan2016@outlook.com; and

3. Sending the same materials through a direct message to Defendants' Facebook account: https://www.facebook.com/juisir.

**IT IS SO ORDERED.**

Dated: June 5, 2017

_____
BETH LABSON FREEMAN
United States District Judge