# EXHIBIT 37



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 14/850,894 | 09/10/2015 | Douglas Evans | J0270.70001US01 | 1094 |

23628          7590          07/14/2016
WOLF GREENFIELD & SACKS, P.C.
600 ATLANTIC AVENUE
BOSTON, MA 02210-2206

| EXAMINER |
|---|
| NGUYEN, JIMMY T |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3725 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 07/14/2016 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

Patents_eOfficeAction@WolfGreenfield.com
WGS_eOfficeAction@WolfGreenfield.com

PTOL-90A (Rev. 04/07)

|  | Application No. | Applicant(s) |
|---|---|---|
| **Office Action Summary** | 14/850,894 | EVANS ET AL. |
|  | Examiner | Art Unit | AIA (First Inventor to File) Status |
|  | JIMMY T. NGUYEN | 3725 | Yes |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

## Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

## Status

1) ☒ Responsive to communication(s) filed on <u>4/8/16</u>.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.
2a) ☐ This action is **FINAL**.    2b) ☒ This action is non-final.
3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.
4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

## Disposition of Claims*

5) ☒ Claim(s) <u>1-27</u> is/are pending in the application.
   5a) Of the above claim(s) <u>15-27</u> is/are withdrawn from consideration.
6) ☒ Claim(s) <u>9-12</u> is/are allowed.
7) ☒ Claim(s) <u>1, 3, 5, and 13-14</u> is/are rejected.
8) ☒ Claim(s) <u>2,4 and 6-8</u> is/are objected to.
9) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

## Application Papers

10) ☒ The specification is objected to by the Examiner.
11) ☒ The drawing(s) filed on <u>9/10/15</u> is/are: a) ☐ accepted or b) ☒ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

## Priority under 35 U.S.C. § 119

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    **Certified copies:**
       a) ☐ All    b) ☐ Some**  c) ☐ None of the:
       1. ☐ Certified copies of the priority documents have been received.
       2. ☐ Certified copies of the priority documents have been received in Application No. _____.
       3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
    ** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)
2) ☒ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b) Paper No(s)/Mail Date <u>attached</u>.
3) ☐ Interview Summary (PTO-413)
   Paper No(s)/Mail Date. _____.
4) ☐ Other: _____.

Application/Control Number: 14/850,894                                                                Page 2
Art Unit: 3725

The present application, filed on or after March 16, 2013, is being examined under the first inventor to file provisions of the AIA.

## DETAILED ACTION

*"Juicing Systems and Methods"*

### Election/Restrictions

Applicant's election of Group I (claims 1-14) in the reply filed on April 08, 2016 is acknowledged. Because applicant did not distinctly and specifically point out the supposed errors in the restriction requirement, the election has been treated as an election without traverse (MPEP § 818.03(a)).

### Information Disclosure Statement

Receipt is acknowledged of an Information Disclosure Statement (I.D.S.), filed September 11, 2015, which I.D.S. has been placed of record in the file. An initialed, signed and dated copy of the form PTO/SB/08a is attached to this Office action.

### Drawings

The drawings are objected to under 37 CFR 1.83(a). The drawings must show every feature of the invention specified in the claims. Therefore, the drawing of "concave surface of both of the first and second pressing surfaces (claims 13-14)" must be shown or the feature(s) canceled from the claim(s). No new matter should be entered.

Application/Control Number: 14/850,894   Page 3
Art Unit: 3725

      Corrected drawing sheets in compliance with 37 CFR 1.121(d) are required in reply to the Office action to avoid abandonment of the application. Any amended replacement drawing sheet should include all of the figures appearing on the immediate prior version of the sheet, even if only one figure is being amended. The figure or figure number of an amended drawing should not be labeled as "amended." If a drawing figure is to be canceled, the appropriate figure must be removed from the replacement sheet, and where necessary, the remaining figures must be renumbered and appropriate changes made to the brief description of the several views of the drawings for consistency. Additional replacement sheets may be necessary to show the renumbering of the remaining figures. Each drawing sheet submitted after the filing date of an application must be labeled in the top margin as either "Replacement Sheet" or "New Sheet" pursuant to 37 CFR 1.121(d). If the changes are not accepted by the examiner, the applicant will be notified and informed of any required corrective action in the next Office action. The objection to the drawings will not be held in abeyance.

## *Specification*

      Applicant is reminded of the proper language and format for an abstract of the disclosure.

      The language should be clear and concise and should not repeat information given in the title. It should avoid using phrases which can be implied, such as, "The disclosure concerns," "The disclosure defined by this invention," "The disclosure describes," etc.  Therefore, the phrase, "Embodiments related to…" should be avoided.

Application/Control Number: 14/850,894 Page 4
Art Unit: 3725

## *Claim Rejections - 35 USC § 102*

The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless –
>
> (a)(1) the claimed invention was patented, described in a printed publication, or in public use, on sale or otherwise available to the public before the effective filing date of the claimed invention.

**Claims 1, 3, and 5 are rejected under 35 U.S.C. 102(a) (1) as being anticipated by Shepard (US 5,277,810).**

Regarding claim 1, Shepard discloses a juicer (fig. 1) comprising: a region (fig. 1) adapted to receive one or more compressible juicer cartridges (10) including an outlet (fig. 2) and food matter (i.e. pulp matter (col. 8, line 40) contained therein; and a pressing element (104) adapted to apply pressure to the one or more juice cartridges (col. 8, lines 11-27), wherein the region and the pressing element are adapted and arranged to dispense fluid extracted from the one or more juicer cartridges without the extracted fluid or food matter directly contacting the region or pressing element (fig. 1).

Regarding claim 3, the juicer of claim 1, further comprising a dispensing point (at 88) associated with the region, wherein the dispensing point is adapted and arranged to receive the outlet of each juicer cartridge of the one or more juicer cartridges (fig. 2).

Regarding claim 5, the juicer of claim 1, further comprising the one or more juicer cartridges (10).


**Claims 13 and 14 are rejected under 35 U.S.C. 102(a) (1) as being anticipated by Dorion (US 7,395,753).**

Regarding claim 13, Dorion discloses a juicer (i.e. for pressing lemon (col. 1, lines 18-19) comprising:

a first pressing element (50) including a first pressing surface (fig. 2A); and

a second pressing element (24, 27) including a second pressing surface (fig. 4D), wherein the first pressing surface and the second pressing surface define a pressing chamber (fig. 4C) constructed and arranged to accept an associated juicer cartridge (34), wherein at least a portion of the first pressing surface includes a concave surface (fig. 4D).

Regarding claim 14, the juicer of claim 13, wherein a least a portion of the second pressing surface includes at least one of a concave surface, a convex surface (fig. 4D), a flat surface, and a surface including a complementary shape of the first surface (fig. 4C).

### *Allowable Subject Matter*

Claims 2, 4, and 6-8 are objected to as being dependent upon a rejected base claim, but would be allowable if rewritten in independent form including all of the limitations of the base claim and any intervening claims.

Claims 9-12 are allowed.

### *Conclusion*

The prior art made of record and not relied upon is considered pertinent to applicant's disclosure. The prior art listed on the attached PTO 892 are cited to show various pressing devices for pressing a container.

Application/Control Number: 14/850,894                                                                                      Page 6
Art Unit: 3725

Any inquiry concerning this communication or earlier communications from the examiner should be directed to JIMMY T. NGUYEN whose telephone number is (571)272-4520.  The examiner can normally be reached on Monday-Thursday 7:30am-5:00pm with alternating Fri. 7:30am-4:00pm.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Shelley Self can be reached on (571) 272- 4524.  The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system.  Status information for published applications may be obtained from either Private PAIR or Public PAIR.  Status information for unpublished applications is available through Private PAIR only.  For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.


JTNguyen
July 9, 2016

/JIMMY T NGUYEN/
Primary Examiner, Art Unit 3725

| | | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|---|
| **Notice of References Cited** | | 14/850,894 | EVANS ET AL. |
| | | Examiner | Art Unit | |
| | | JIMMY T. NGUYEN | 3725 | Page 1 of 1 |

### U.S. PATENT DOCUMENTS

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | CPC Classification | US Classification |
|---|---|---|---|---|---|---|
| * | A | US-5,445,068 A | 08-1995 | Michelson; Yigal | A47J19/02 | 241/168 |
| * | B | US-5,277,810 A | 01-1994 | Shepard; Joel R. | A47J19/02 | 100/125 |
| * | C | US-4,211,156 A | 07-1980 | Zimmermann; Jurgen | A47G19/16 | 206/.5 |
| * | D | US-2,612,100 A | 09-1952 | LEE BATES NORMA | A47J19/02 | 100/122 |
| * | E | US-1,354,517 A | 10-1920 | JOHN SOLLAZZO | B30B9/06 | 100/116 |
| * | F | US-7,395,753 B2 | 07-2008 | Dorion; Christopher M. | A47J19/06 | 100/110 |
| | G | US- | | | | |
| | H | US- | | | | |
| | I | US- | | | | |
| | J | US- | | | | |
| | K | US- | | | | |
| | L | US- | | | | |
| | M | US- | | | | |

### FOREIGN PATENT DOCUMENTS

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | CPC Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

### NON-PATENT DOCUMENTS

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)                    **Notice of References Cited**                    Part of Paper No. 20160512

Docket No.: J0270.70001US01<br>(PATENT)

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| First Named Inventor: | Douglas Evans |
| Application No.: | 14/850,894 |
| Confirmation No.: | 1094 |
| Filed: | September 10, 2015 |
| For: | JUICING SYSTEMS AND METHODS |
| Examiner: | J. T. Nguyen |
| Art Unit: | 3725 |

**Certificate of Electronic Filing Under 37 CFR 1.8**

I hereby certify that this paper (along with any paper referred to as being attached or enclosed) is being transmitted via the Office electronic filing system in accordance with 37 CFR § 1.6(a)(4).

Dated: August 15, 2016          Electronic Signature for Christine Doyle:  /Christine Doyle/

## AMENDMENT IN RESPONSE TO NON-FINAL OFFICE ACTION UNDER 37 C.F.R. § 1.111

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

Dear Sir:

### INTRODUCTORY COMMENTS

In response to the Office Action dated July 14, 2016, please amend the above-identified U.S. patent application as follows:

**Amendments to the Abstract** begin on page 2 of this paper.

**Amendments to the Claims** are reflected in the listing of claims which begins on page 3 of this paper.

**Remarks/Arguments** begin on page 6 of this paper.

4902485.1

Application No.: 14/850,894 2 Docket No.: J0270.70001US01
Reply to Office Action of July 14, 2016

# AMENDMENTS TO THE ABSTRACT

Please amend the following paragraph(s) for the abstract now appearing in the currently filed specification as indicated below with insertions indicated by underlining and deletions indicated by strikeouts and/or double bracketing:

~~Embodiments related to juicing~~ <u>Juicing</u> methods and apparatuses for extracting juice from food matter using juicer cartridges are described. In one ~~embodiment~~ <u>instance</u>, a juicer cartridge may include one or more separate internal compartments. Food matter loaded into the juicer cartridge may be compressed by a corresponding juicer and expelled through an outlet that may be sealed until activation. Food matter may be pre-sized according to various physical characteristics, and the juicer cartridge may be injected with a gas to enhance shelf life and reduce nutrient loss. The juicer may also be provided with "smart" functionality to provide safety features, track usage, and enhance the operator experience. Several ~~embodiments of~~ <u>possible</u> packing systems for preparing juicer cartridges are also described.

4902485.1

Application No.: 14/850,894                                      3                                 Docket No.: J0270.70001US01
Reply to Office Action of July 14, 2016

# AMENDMENTS TO THE CLAIMS

Applicant submits below a complete listing of the current claims, including marked-up claims with insertions indicated by underlining and deletions indicated by strikeouts and/or double bracketing. This listing of claims replaces all prior versions, and listings, of claims in the application:

1. (Canceled)

2. (Currently Amended)  A juicer comprising:
    a region adapted to receive one or more compressible juicer cartridges including an outlet and food matter contained therein;
    a pressing element adapted to apply pressure to the one or more juice cartridges, wherein the region and the pressing element are adapted and arranged to dispense fluid extracted from the one or more juicer cartridges without the extracted fluid or food matter directly contacting the region or pressing element; and
    ~~The juicer of claim 1, further comprising~~ a cutting element or piercing element adapted and arranged to open the outlet of each juicer cartridge of the one or more juicer cartridges.

3. (Currently Amended)  The juicer of claim [[1]]2, further comprising a dispensing point associated with the region, wherein the dispensing point is adapted and arranged to receive the outlet of each juicer cartridge of the one or more juicer cartridges.

4. (Currently Amended)  A juicer comprising:
    a region adapted to receive one or more compressible juicer cartridges including an outlet and food matter contained therein;
    a pressing element adapted to apply pressure to the one or more juice cartridges, wherein the region and the pressing element are adapted and arranged to dispense fluid

4902485.1

extracted from the one or more juicer cartridges without the extracted fluid or food matter directly contacting the region or pressing element; and

a dispensing point associated with the region, wherein the dispensing point is adapted and arranged to receive the outlet of each juicer cartridge of the one or more juicer cartridges ~~The juicer of claim 3~~, wherein the region and pressing element are constructed so that the outlet of each juicer cartridge of the one or more juicer cartridges extends beyond the region and pressing element.

5. (Cancelled)

6. (Currently Amended) A juicer comprising:

a region adapted to receive one or more compressible juicer cartridges including an outlet and food matter contained therein;

a pressing element adapted to apply pressure to the one or more juice cartridges, wherein the region and the pressing element are adapted and arranged to dispense fluid extracted from the one or more juicer cartridges without the extracted fluid or food matter directly contacting the region or pressing element; and

~~The juicer of claim 1, further comprising~~ a temperature regulation element adapted to control a temperature of the one or more juicer cartridges.

7. (Original) The juicer of claim 6, wherein the temperature regulation element is integrated with at least one of the region and the pressing element.

8. (Original) The juicer of claim 7, wherein the pressing element is a pressing platen.

9. (Original) A juicer comprising:

a first pressing element;

a second pressing element, wherein the first pressing element and the second pressing element define a pressing chamber constructed and arranged to contain an associated juicer cartridge; and

a drive constructed and arranged to displace the second pressing element towards the first pressing element, wherein the drive is constructed and arranged to apply between about 6700 N to 35,600 N to the juicer cartridge during a final portion of the second pressing element displacement, wherein the final portion of the second pressing element displacement corresponds to between about 3 mm to 13 mm of travel.

10. (Original) The juicer of claim 9, wherein a total displacement of the first pressing element by the drive is less than about 38 mm.

11. (Original) The juicer of claim 9, wherein a gap between about 4 mm and 9 mm is present between the first pressing element and the second pressing element after the first pressing surface has been fully displaced by the drive.

12. (Original) The juicer of claim 9, wherein the drive comprises an electromechanical system.

13. – 27. (Cancelled)

Application No.: 14/850,894                                                 6                                          Docket No.: J0270.70001US01
Reply to Office Action of July 14, 2016

## REMARKS

Applicant respectfully requests reconsideration. Claims 1-27 were previously pending in this application. Claims 15-27 were withdrawn. By this amendment, Applicant is canceling claims 1, 5 and 13-27 without prejudice or disclaimer. Claims 2-4 and 6 have been amended. No new claims have been added. No new matter has been added. As a result, claims 2-4 and 6-12 are pending for examination with claims 2, 4, 6 and 9 being independent.

### Objections to the Drawing

Claims 13 and 14 have been canceled. Therefore, the objection to the drawings over claims 13 and 14 is moot. Accordingly, the Applicant respectfully requests that the objection to the drawings be withdrawn.

### Objections to the Specification/Abstract

The Applicant has amended the Abstract to remove the objected to language. Accordingly, the Applicant respectfully requests that the objection to the Abstract be withdrawn.

### Rejections Under 35 U.S.C. §102

Claims 1, 3 and 5 are rejected under 35.U.S.C. § 102(a)(1) as being anticipated by U.S. Patent No. 5,277,810 (Shepard). Additionally, claims 13 and 14 are rejected under 35.U.S.C. § 102(a)(1) as being anticipated by U.S. Patent No. 7,395,753 (Dorion).

Claims 1, 3, 5, 13, and 14 have been canceled. Accordingly, the rejections of these claims are moot.

4902485.1

Application No.: 14/850,894 7 Docket No.: J0270.70001US01
Reply to Office Action of July 14, 2016

## Allowable Subject Matter

The Applicant would like to thank the Examiner for allowing claims 9-12 and indicating that claims 2, 4, and 6-8 are allowable if rewritten in independent form. Claim 2, 4, and 6 have been rewritten in independent form, and claim 3 has been amended to depend from claim 2. Accordingly, the Applicant respectfully requests that the objections to claims 2, 4, and 6-8 be withdrawn.

## CONCLUSION

In view of the above amendment, applicant believes the pending application is in condition for allowance.

Applicant believes no fee is due with this response. However, if a fee is due, please charge our Deposit Account No. 23/2825 under Docket No. J0270.70001US01 from which the undersigned is authorized to draw.

Dated:  8/15/16                                        Respectfully submitted,

                                                       By  /John Harmon/
                                                       Neil P. Ferraro
                                                       Registration No.: 39,188
                                                       John S. Harmon, Ph.D., P.E.
                                                       Registration No.: 67,131
                                                       WOLF, GREENFIELD & SACKS, P.C.
                                                       600 Atlantic Avenue
                                                       Boston, Massachusetts  02210-2206
                                                       617.646.8000

4902485.1