UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JUICERO, INC.,<br>           Plaintiff,<br>   v.<br>ITASTE CO., et al.,<br>           Defendants. | Case No. 17-cv-01921-BLF<br><br>**ORDER GRANTING MOTIONS TO SEAL**<br><br>[Re: ECF 44, 55, 60] |

Before the Court are parties' motions to file under seal portions of their briefing in connection to a motion for preliminary injunction. ECF 44, 55, 60. For the reasons discussed below, the Court GRANTS the motions.

**I.   LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm

their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed. Cir. 2013). Records attached to motions that are "not related, or only tangentially related, to the merits of a case" therefore are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed, *see Kamakana,* 447 F.3d at 1179–80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by

2

1 highlighting or other clear method, the portions of the document that have been omitted from the
2 redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative
3 Motion to File Under Seal, the Designating Party must file a declaration as required by subsection
4 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

## II. DISCUSSION

Because the sealing motions relate to a motion for preliminary injunction, which is more than tangentially related to the merits of the case, the instant motions are resolved under the compelling reasons standard. *Ctr. for Auto Safety*, 809 F.3d at 1101-2 (holding that "public access will turn on whether the motion is more than tangentially related to the merits of a case" and finding that a "motion for preliminary injunction is more than tangentially related to the merits").

With this standard in mind, the Court rules on the instant motions as follows:

| **ECF No.** | **Document to be Sealed** | **Result** | **Reasoning** |
| --- | --- | --- | --- |
| 44-5 | Defendant Froothie USA LLC ("Froothie")'s Opposition to Plaintiff's Motion for Preliminary Injunction ("Opp'n") | GRANTED as to highlighted portions. | The highlighted portions at 11:11-12; 23:20-25 contain confidential financial and business information, the disclosure of which could harm Froothie's competitiveness. *See* Ching Decl. ¶¶ 3-4, ECF 44-1; Nawfal Decl. ¶ 3, ECF 44-2. Although Plaintiff as the designating party has failed to provide a declaration in support of sealing the highlighted portions at 11:25-26; 12:20, 22, the information sought to be sealed had previously been subject to a sealing order at ECF 35. |
| 44-7 | Declaration of Roy Nawfal ISO Froothie's Opp'n | GRANTED as to highlighted portions. | The highlighted portions contain confidential financial and business information, the disclosure of which would harm Froothie's competitiveness. *See* Ching Decl. ¶¶ 3-4, ECF 44-1; Nawfal Decl. ¶ 3, ECF 44-2. |
| 55-5 | Defendant iTaste Co., Ltd. ("iTaste")'s Opposition to Plaintiff's Motion for Preliminary Injunction ("Opp'n") | GRANTED as to highlighted portions. | The highlighted portions contain confidential financial and business information, the disclosure of which would harm iTaste's competitiveness. *See* Liu Decl. ¶ 3, ECF 55-2. |

| | | | |
|---|---|---|---|
| 55-7 | Declaration of Yitong Liu ISO iTaste's Opp'n | GRANTED as to highlighted portions. | The highlighted portions contain confidential financial and business information, the disclosure of which would harm iTaste's competitiveness. *See* Liu Decl. ¶ 3, ECF 55-2. |
| 60-4 | Plaintiff Juicero, Inc. ("Juicero")'s Reply | GRANTED as to highlighted portions. | The highlighted portions contain confidential financial and business information, the disclosure of which would harm the competitiveness of Froothie and iTaste. *See* Ching Decl. ¶ 3, ECF 65. |

For the foregoing reasons, the sealing motions at ECF 44, 55, 60 are GRANTED.

**IT IS SO ORDERED.**

Dated: June 28, 2017

_____
BETH LABSON FREEMAN
United States District Judge